Geokge Andrews, 3.,
delivered the opinion of the Court.
*421 Spears applied to Loague, as County Clerk of Shelby County, who as such clerk, was authorized to grant licenses for the exercise of mercantile privileges, for a license to carry on his business in the City of Memphis. In his application for a license, he explained to Loague that the nature of his business was as follows:
To solicit purchases for wholesale houses in Cincinnati and other cities, and to forward orders from purchasers in the • city; that he sold no goods; that he neither shipped, stored, nor delivered any goods; that the orders when approved, were, filled by the sellers, and the ’ goods shippéd directly to the purchasers, who paid the tax upon the same. The goods were not consigned to the care of Spears, nor had he any interest in the shipment and delivery of the same; the sole compensation allowed him being a percentage allowed him by the sellers of the goods, to whom he forwarded the orders of the purchasers.
Loague refused to issue a license to Spears, except as commission merchant, and rendered a judgment against him for the amount claimed by him to be due for such a license, and has issued execution therefor.
Spears filed a petition in the Circuit Court, and obtained a writ of certiorari for the purpose of superseding the execution. Upon motion of Loague, the Circuit Court dismissed the petition and quashed the writ of certiorari; and Spears appealed to this Court.
The writ of certiorari affords the proper remedy against a distress warrant illegally issued: Mayor and Aldermen vs. Pearl 11 Hum., 249.
*422 The petitioner, upon the' .facts alleged in the petition, is not a “commission merchant,” within the meaning of the statute. His vocation is rather that of a merchandise broker.” “A broker 'is ^ an agent who is employed . to negotiate sales between the parties, for a compensation in the form of a commission, which is commonly called brokerage. In the proper exercise of his functions, he does not act in h\s own name, but only as a middle man. His business consists in negotiating exchanges; or in’* buying and gelling stocks and goods, or ships and cargoes, or in procuring insurances and settling losses; and, according as he confines himself to one or other of these branches, He is called an exchange-broker, á stock broker, a merchandise broker, or an insurance broker. A broker differs materially from a factor. He has no possession of the goods.in respect to which he negotiates a' bargain, and he is not authorized to sell in his own name; ' while a factor, as we shall see, not only may have posession of the goods which he sells, but he also has a special property therein, and may sell them In his own name. * * * A factor is an agent employed to sell the goods or merchandise of his principal, which are in his possession, for a commission. He\ is often called a commission merchant, or a consignee:” Story on Contracts, secs. 344; 350; Story on Agency, secs. 28, 34; 1 Pars. on Con., 5 ed., 91; Hilliard on Sales, 62, 73.
There is no provision in the revenue Act of 1868, for the assessment of a tax up,on brokers -of this class; and as tbe petitioner’s business Cannot be included under *423 the designation of the business of a commission merchant, the imposition of the tax and the issuance of the distress warrant were unauthorized.
The case of Mayor and Aldermen vs. Althrop, 5 Cold., 554, was alluded to in argument as. establishing that a person doing business of the nature described in the petition in this case, is a merchant. The defendant in that case, was neither a broker nor a commission merchant, but simply a traveling clerk or agent, exhibiting samples, and taking orders for his principals. Under the charter of the City of Nashville, and the facts in evidence in that case, the defendant could not be taxed unless taxed as a merchant; and the Court held, that, conceding him to be a merchant, the proposed tax was in violation of the Constitution. But in saying that the defendant “is hable to taxation, if at all, as a merchant,” the Court did not hold, or intend to intimate that he was, in fact, a merchant.
The petition for certiorari showed good grounds for relief, if the facts therein alleged were established. The Circuit Court erred in dismissing the petition, and the judgment will be reversed, and the cause remanded to be further proceeded in.